## LAYING OF SPUR-TRACK IN STREET.

[Circuit Court of Hamilton County.]

HENRY HERZOG ET AL v. P., C., C. & ST. L. RY. CO. ET AL.

Decided, January 13, 1904.

*Abutting Owner—Damages to, from Laying Spur-Track in Street— Can not be Enjoined where Remote or General—Ingress and Egress.*

1. Where the only damages complained of by a property owner are remote, and not different in kind and hardly more appreciable in degree than are suffered by the general public, and there is no direct or special invasion of property rights, it can not be said that there is a taking of the property within the meaning of the Constitution.

2. Injunction will not lie to restrain the laying of a spur railway track in a public street, under the circumstances presented in this case.

JELKE, J.; SWING, J., and GIFFEN, J., concur.

This case is considered on the basis that defendant company proposes to lay a side-track on the south side of Water street extending seventy feet east of Walnut street. If the top of the

528    CIRCUIT COURT REPORTS—NEW SERIES.

Herzog et al v. P., C., C. & St. L. Ry. et al. [Vol. VI, N. S.

rails of such track is laid even with the surface of the street so as to make no obstruction in the street to wagons passing over the same, an injunction will be denied.

The nearest objecting property owner abuts on the north side more than fifty feet east of the east end of this proposed side-track, and the nearest objecting property owner abutting on the south side of the street is about one hundred and sixty feet east of the east end of this proposed track.

We are of opinion that on account of the remoteness of the complaining property, the fact that access and egress to and from the property and the street itself between the lot lines extended are not at all affected, and that there is an abundance of unobstructed inlet and outlet both east and west to the other streets of the city, and that this track is to be used only as a side-track, makes the damage to these complaining property owners no different in kind and hardly appreciably more in degree than that suffered by the general public, and hence there is no taking of private property, and brings this case fairly under the case of *Kinnear Mfg. Co.* v. *Beatty*, 65 O. S., 264.

As to a violation of the city ordinances in using the track in the middle of the street during daylight, we will leave the parties to the police department of the city for the present.

*Cabell & Freiberg*, for plaintiffs.

*Maxwell & Ramsey*, contra.